IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ERROL O. JAMES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | FILE NO. |
| | ) | |
| **ZEELTV, LLC, and SUE ANN TAYLOR** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Errol O. James, brings this breach of contract and Fair Labor Standards Act ("FLSA") case against his former employers, ZeelTV, LLC ("ZeelTV") and Sue Ann Taylor. In support thereof, Plaintiff respectfully requests the Court consider the following:

### I. Introduction

1.

Defendants, ZeelTV and Ms. Taylor, hired Mr. James in or around October 2008 at a salary of $32,000.00 per year or $2,666.67 per month.

2.

Mr. James's primary task as a ZeelTV employee was to welcome and assist ZeelTV clients with television production needs.

3.

From October 2008 until approximately May 2012, Mr. James worked a minimum of forty-five hours every week for ZeelTV and Ms. Taylor. Mr. James was never compensated for his overtime work.

4.

On special and important television occasions, Mr. James worked in excess of forty-five hours per week at Defendants' insistence. As examples, Mr. James worked at least sixty hours during the week of President Obama's inauguration and traveled to New York on several occasions for special productions.

5.

Despite Mr. James's commitment to his job, ZeelTV and Ms. Taylor refused to issue a paycheck on multiple months during his employment.

6.

To date, ZeelTV and Ms. Taylor have underpaid Mr. James in excess of $52,955.78 in breach of contract and in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*.

## II. Parties, Jurisdiction, and Venue

7.

Plaintiff, Errol James, is a resident and citizen of the State of Georgia. Mr. James resides at 1388 To Lani Farm Road, Stone Mountain, Georgia 30083. At all times relevant to this lawsuit, ZeelTV and Ms. Taylor employed Mr. James.

8.

For purposes of the FLSA, Ms. Taylor was Mr. James's employer at all times relevant to this litigation. Ms. Taylor is a Georgia resident and may be served with process at her residence at 360 East Marietta Street, Canton, Georgia 30114.

9.

ZeelTV was Mr. James's employer at all times relevant to this litigation. ZeelTV is a Georgia limited liability company with its principal place of business located at 3425 Malone Drive, Chamblee, Georgia 30341. Throughout Mr. James's employment, ZeelTV was an employer engaged in commerce and therefore subject to the FLSA under 29 U.S.C. §§ 203(b) and (d)

10.

This case arises under the FLSA and thus presents a federal question. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction over the state-law breach of contract claim is predicated under 28 U.S.C. § 1367.

11.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants are Georgia residents and Ms. Taylor resides in Cherokee County, Georgia, which is in this Court's Atlanta Division.

### III.   Plaintiff's Employment

12.

ZeelTV has contracted with Comcast Corporation, or one of its affiliates ("Comcast"), to maintain and operate a public access television station in DeKalb County, Georgia. The television station is commonly known as "Comcast Studio 25."

13.

ZeelTV provides television production services for community interest

productions that air on Comcast Studio 25.

14.

On or around October 2008, ZeelTV and Ms. Taylor hired Mr. James as a television production studio facilitator for Comcast Studio 25 and ZeelTV.

15.

Mr. James's primary job duties were to answer the phones and respond to client inquires, provide production support services, and keep the studio cleaned and maintained for ZeelTV and its clients, Comcast Studio 25, and Comcast employees from other departments.

16.

In addition to the administrative and production services, Mr. James was also required to occasionally perform physical labor such as removing and re-installing wiring at the production facilities and clearing warehouse space for new Comcast construction.

17.

Defendants agreed to compensate Mr. James at a rate of $32,000.00 per year payable in monthly installments of $2,667.00 per month.

18.

From the time he was hired throughout the course of his employment, Defendants required Mr. James to work a standard schedule from 9:00 am to 6:00 pm on Saturdays and from noon until 9:00 pm on Sundays through Wednesdays.

19.

In addition to the standard schedule, Defendants required Mr. James to work overtime during certain periods in which ZeelTV saw an increase in productions. As an example, Mr. James worked approximately sixty hours during the week of the Obama Inauguration. Mr. James also worked more than 60 hours during the weeks in which he travelled to New York for the Clinton Global Initiative Conference and the Drama Desk Awards.

20.

Mr. James also worked in excess of sixty hours per week during political campaign seasons when candidates used the studio to broadcast their messages.

**IV. Defendants' Refusal to Pay Mr. James's Salary**

21.

From August 2008 until his termination in or around May 2012, Mr. James

performed his work diligently and in a satisfactory manner.

22.

Despite the fact that Mr. James performed the work assigned to him, Defendants repeatedly refused to pay him for multiple months during his employment.

23.

In 2008, Defendants failed to issue Mr. James a check in either October or November.

24.

In 2008, Mr. James worked in excess of 320 hours for which he was not compensated.

25.

In 2009, Defendants failed to issue Mr. James a check for the months of May, June, July, or December.

26.

In 2009, Mr. James worked in excess of 640 hours for which he was never compensated.

27.

In 2010, Defendants failed to issue Mr. James a check for the months of April, May, June, July, August, September, and November.

28.

In 2010, Mr. James worked in excess of 1,120 hours for which he was never compensated.

29.

In 2011, Defendants failed to issue Mr. James a check for the months of March, April, and September.

30.

In 2011, Mr. James worked in excess of 480 hours for which he was never compensated.

31.

In 2012, Defendants failed to issue Mr. James a check in January or April.

32.

In 2012, Mr. James worked in excess of 320 hours for which he was never compensated.

33.

When asked about the lack of paychecks, Ms. Taylor responded by repeatedly blaming Comcast for failing to meet its contractual obligations to ZeelTV.

34.

Ms. Taylor also advised Mr. James that he should stop complaining about the lack of pay and be thankful for his job during the economic recession.

35.

In total, Mr. James worked in excess of 2,880 hours for which he was never compensated.

### V. Mr. James's Wrongful Termination

36.

On or around April 2012, Mr. James confronted Defendants again about their failure to compensate him for the work performed.

37.

As a result of Mr. James's questioning, Ms. Taylor informed him that his work shift was now "covered." Ms. Taylor later advised Mr. James to take an

"early retirement" and terminated his employment.

38.

All conditions precedent to filing this suit have been met or waived.

### Count One: Failure to Pay Minimum Wage in Violation of FLSA

39.

Plaintiff hereby incorporates by reference Paragraphs 1 through 39 of this Complaint as if set forth fully herein.

40.

On multiple occasions, Defendants failed to compensate Mr. James at the minimum wage mandated by the FLSA in violation of 29 U.S.C. § 206.

41.

Upon information and belief, Defendants failed to keep all records as required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Mr. James for the time period required by law.

42.

Defendants acted willfully in failing to pay the minimum wage required by the FLSA.

43.

Mr. James is entitled to recover the unpaid compensation owed to them, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### **Count Two: Failure to Pay Overtime in Violation of FLSA**

44.

Plaintiff hereby incorporates by reference Paragraphs 1 through 43 of this Complaint as if set forth fully herein.

45.

Defendants failed to compensate properly Mr. James for overtime hours worked during the relevant period in violation of 29 U.S.C. § 207.

46.

Upon information and belief, Defendants failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Mr. James for the time period required by law.

47.

Defendants acted willfully in failing to pay the overtime compensation required by the FLSA to Mr. James.

48.

Mr. James is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## Count Three: Unlawful Retaliation

49.

Plaintiff hereby incorporates by reference Paragraphs 1 through 48 of this Complaint as if set forth fully herein.

50.

On or around April 2012, Mr. James complained about the fact the Defendants were not compensating him properly according to the FLSA.

51.

As a result of Mr. James's complaint, Defendants terminated his employment.

52.

Defendants terminated Mr. James's employment in retaliation of his complaint and assertion of his rights under the FLSA.

53.

Defendants' termination of Mr. James's employment violates 29 U.S.C. § 215(a)(3).

**Count Four: Breach of Contract**

54.

Plaintiff hereby incorporates by reference Paragraphs 1 through 53 of this Complaint as if set forth fully herein.

55.

Defendants entered into an employment contract in which they agreed to compensate Mr. James at a rate of $32,000.00 per year, payable in monthly payments of $2,667.00 per month.

56.

Defendants breached the employment contract in failing to pay Mr. James

for multiple months.

57.

Mr. James fully and faithfully performed all of his employment-related duties and jobs under the terms of the agreement.

58.

Defendants are liable for their breach of contract.

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. An award of damages in amount to be proven at trial for Defendants' violation of the FLSA for failure to compensate Mr. James at minimum wage;

B. An award of damages in an amount to be proven at trial for Defendants' violation of the FLSA for failure to compensate Mr. James for overtime;

C. An award of damages in an amount to be proven at trial for Defendants' retaliatory termination of Mr. James's employment;

D. An award of liquidated damage for Defendants' willful violations of the FLSA;

E. An award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

F. An award for Defendants' breach of contract;

G.  All other and further relief as the Court finds just and proper.

Respectfully submitted this 29th day of June, 2012.

           <u>s/Logan B. Winkles</u>

           Logan B. Winkles
           Georgia Bar Number: 136906
           William E. Cannon, III
           Georgia Bar Number: 305130
           CANNON, MIHILL & WINKLES, LLC
           1355 Peachtree Street
           Suite 1570
           Atlanta, Georgia 30309
           (T) 404-891-6700
           (F) 678-965-1751