IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERROL O. JAMES,

        Plaintiff,

                                CIVIL ACTION NO.

v.                            1:12-CV-2290-JEC

ZEELTV LLC and SUE ANN TAYLOR,

        Defendants.

## ORDER & OPINION

This case is before the Court on plaintiff's Motion for Default Judgment as to ZeelTV LLC ("ZeelTV") [11], plaintiff's Motion to Compel [13] and plaintiff's Motion for an Extension of Time to Complete Discovery [14]. The Court has reviewed the record and the arguments and, for the reasons set out below, concludes that plaintiff's Motion for Default Judgment [11] should be **GRANTED**, plaintiff's Motion to Compel [13] should be **GRANTED as unopposed** and plaintiff's Motion for an Extension of Time to Complete Discovery [14] should be **GRANTED as unopposed.**

## BACKGROUND

Plaintiff filed this action to collect unpaid compensation from his former employers: ZeelTV and Sue Ann Taylor. (Compl. [1] at ¶ 6.) Defendants hired plaintiff in October 2008 to assist with ZeelTV's production needs. (*Id.* at ¶¶ 1-2.) Between October 2008

and May 2012, plaintiff worked a minimum of forty-five hours a week. (*Id.* at ¶ 3.)   On certain occasions such as President Obama's inauguration and the Clinton Global Initiative Conference, plaintiff worked over 60 hours a week.  (*Id.* at ¶ 4.)

Plaintiff claims that defendants hired him at a rate of $32,000 a year or $2,667.67 a month.   (*Id.* at ¶ 1.)   However, defendants failed or refused to pay plaintiff for several months during his employment.  (Compl. [1] at ¶ 5.)  According to plaintiff, defendants owe him in excess of $52,955.78 in unpaid wages.  (*Id.* at ¶ 6.)   In the complaint, plaintiff asserts claims to recover the unpaid wages under the Fair Labor Standards Act ("FLSA") and under a breach of contract theory.  (*Id.* at ¶¶ 39-58.)

Defendant Sue Ann Taylor ("Taylor") submitted a *pro se* answer in which she denied the substantive allegations of the complaint, purportedly on behalf of herself and ZeelTV.  (Answer [6].)  As a corporation, ZeelTV is an artificial entity that cannot appear *pro se* and must be represented by counsel.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) and *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  The Court thus ordered ZeelTV to (1) retain counsel and (2) have counsel make an appearance within 20 days.  (Order [7].)  The Court advised ZeelTV that failure to comply with its order would result in an entry of default against it. (*Id.*)

ZeelTV did not respond to the Court's order.  Accordingly, and

AO 72A
(Rev.8/82)

pursuant to plaintiff's motion, the clerk entered a default against it. (*See* Pl.'s Application for Entry of Default [8].) Thereafter, plaintiff submitted a discovery plan and attempted to conduct discovery. (Pl.'s Prelim. Report and Discovery Plan [10].) Defendants did not participate in the plan or respond to any of plaintiff's discovery requests. (Pl.'s Mot. to Compel [13] at 2.) Plaintiff has thus filed motions to compel and to extend the discovery period. (*Id.* and Pl.'s Mot. for Extension of Time [14].) Plaintiff has also filed a motion for default judgment as to ZeelTV. (Pl.'s Mot. for Default J. [11].) Defendants have not responded to any of these motions.

<u>**DISCUSSION**</u>

I.   <u>**Motion for Default Judgment**</u>

More than a year has passed since the Court instructed ZeelTV to retain counsel and enter an appearance. (Order [7].) ZeelTV still has not responded either to the Court's order or to the clerk's entry of judgment against it. The Court thus finds that a default judgment is warranted. *See Am. Res. Ins. Co., Inc. v. Evoleno Co., LLC,* 2008 WL 4701350 at *3 (S.D. Ala. 2008)("[t]he failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment"). While the decision to enter a default judgment is generally a last resort measure, it is an appropriate response to a defendant's willful or bad faith disregard of Court orders. *Adolph Coors Co. v. Movement*

3

*Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985). There is no other way to characterize ZeelTV's failure to respond in any way to the Court's clear directive.

A defendant who has defaulted is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009). Based on the allegations in the complaint and the supporting affidavits to the motion for entry of default judgment, plaintiff has properly stated a claim for breach of contract in the amount of $48,018.06.[1] (Compl. [1] at ¶¶ 14, 17 and James Aff. [11] at ¶ 2.) ZeelTV hired plaintiff to work as a production facilitator for $2,667.67 per month. (Compl. [1] at ¶¶ 14, 17.) Although plaintiff performed all of his job duties in a satisfactory manner, ZeelTV refused to pay him for eighteen months during his employment. (*Id.* at ¶¶ 23-32.) Such facts properly support a claim for breach of contract under Georgia law in the amount of $48,018.06. *See Walker Elec. Co. v. Byrd,* 281 Ga. App. 190, 192 (2006).

Plaintiff has also properly stated a claim under the FLSA for unpaid overtime wages in the amount of $30,985.20.[2] (Compl. [1] at ¶¶ 9, 14.) In the complaint, plaintiff alleges that defendant is an FLSA-covered enterprise and that defendant employed him. (*Id.* at ¶¶

---

[1] Plaintiff has apparently made a minor mathematical error in his calculations. The Court has adjusted the amount due on the breach of contract claim accordingly.

[2] The Court has again corrected minor arithmetical errors in arriving at this figure.

9, 12-14.)  In addition, plaintiff asserts that he worked in excess of forty hours per week and that defendant did not pay him overtime wages.  (*Id.* at ¶¶ 3-4, 18-19, 44-48.)  These allegations satisfy all of the elements of an FLSA overtime claim.  *See Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1277 (11th Cir. 2008).

The FLSA generally requires that employees receive overtime pay at one and a half times their regular rate for all hours worked in excess of forty hours per week.  *Avery v. City of Talladega,* 24 F.3d 1337, 1340 (11th Cir. 1994).  Plaintiff alleges that he worked forty-five hours a week for 143 weeks between July 2009 and April 2012, and that for two additional weeks during that time period he worked sixty hours per week on special projects.[3]  (Compl. [1] at ¶¶ 3-4, 18-19, 44-48.)  Plaintiff thus claims that he worked a total of 755 hours of overtime.  (James Aff. [11] at ¶ 7.)

Plaintiff's hourly rate of pay is derived "by dividing the total remuneration for employment in any work period by the total number of hours actually worked by him in that work period for which such compensation was paid."  *Kohlheim v. Glynn County,* 915 F.2d 1473, 1480 (11th Cir. 1990).  *See also* 29 C.F.R. §§ 778.109-.110.  Plaintiff's weekly pay between July 2009 and April 2012 can be

---

[3]   The July 2009 date accounts for the FLSA statute of limitations, which is three years when an employer's failure to pay was willful as alleged here.  *See Allen v. Bd. of Public Educ. for Bibb County,* 495 F.3d 1306, 1323 (11th Cir. 2008).  Plaintiff filed this action on June 29, 2012.  (Compl. [1].)  Applying the three year statute of limitations, he can only recover wages under the FLSA for work performed after June 29, 2009.

AO 72A
(Rev.8/82)

calculated by dividing his annual rate of pay ($32,000) by the number of weeks worked per year (52). That amounts to $615.38. As plaintiff regularly worked 45 hours per week, his hourly rate was $13.68 ($615.38/45) and his overtime rate should have been $20.52. At this rate, plaintiff's unpaid overtime compensation amounts to $15,492.60 ($20.52 X 755). In addition to this amount, plaintiff is entitled to liquidated damages equal to his unpaid overtime. *See* 29 U.S.C. § 216(b) and *De Leon-Granados v. Eller & Sons Trees, Inc.,* 581 F. Supp. 2d 1295, 1316 (N.D. Ga. 2008)(awarding liquidated damages where the employer did not come forward with any evidence to show good faith and reasonableness in failing to pay overtime). The total value of plaintiff's FLSA overtime claim is thus $30,985.20.

Finally, plaintiff has properly stated a claim for attorney's fees in the amount of $7,122.78. Under the FLSA, fee awards are mandatory for prevailing plaintiffs. *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985). Plaintiff's attorney has submitted an affidavit substantiating fees and costs in the amount claimed. (Winkles Aff. [11] at ¶ 11.) His testimony is unrebutted and unchallenged.

## II.  <u>Discovery Motions</u>

Plaintiff has attempted to conduct discovery, but defendants have not cooperated. Neither defendant has responded to plaintiff's document requests or interrogatories. (Pl.'s Mot. to Compel [13] at 2.) The deadline for those responses expired nearly a year ago.

6

(*Id.*)  Plaintiff's counsel attempted to confer with defendant Taylor to resolve the outstanding discovery issues, but Taylor has been completely non-responsive.  (*Id.* at 2-3.)  Consequently, plaintiff has filed a motion to compel defendants to respond to his requests [13] and a motion to extend the discovery period [14].

Plaintiff's discovery motions are presumably moot as to ZeelTV as a result of the default judgment.  However, Taylor's responses will likely help plaintiff establish individual liability and assist in his efforts to collect on the judgment.  The Court thus **GRANTS** plaintiff's motion to compel [13] and motion to extend discovery [14] as to Taylor.  The Court notes that these motions are unopposed, but that they are also substantively meritorious.  Besides entering an answer, Taylor has refused to participate in this litigation.  The Federal Rules do not permit a defendant to simply ignore discovery requests, as Taylor has done in this case.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion for default judgment [11] and **GRANTS as unopposed** plaintiff's motions to compel [13] and to extend the discovery period [14].  The Court enters a default judgment against defendant ZeelTV in the amount of **$86,126.04**.  The Court **ORDERS** defendant Taylor to respond to plaintiff's outstanding discovery requests by **Friday, October 11, 2013** and to cooperate fully with any future discovery requests in accordance with Federal Rule 26.  The discovery period will be

7

extended until **Friday, November 29, 2013**.


        SO ORDERED, this 20th day of September, 2013


                                /s/ Julie E. Carnes
                                JULIE E. CARNES
                                CHIEF U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)